[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 9, 2007
THOMAS K. KAHN
CLERK

----------------------------------------
No. 06-14636
Non-Argument Calendar
----------------------------------------

D.C. Docket No. 06-60998-CV-KAM

RICHARD STARKS,

Plaintiff-Appellant,

versus

STATE OF FLORIDA,
AGENCY FOR HEALTH CARE ADMINISTRATION (AHCA),
ROYAL AMERICAN MANAGEMENT, INC.,
FLORIDA FISH AND WILDLIFE CONSERVATION COMMISSION,
WILLIE MEGGS, State of Florida Attorney, et al.,

Defendants-Appellees.

----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
----------------------------------------------------------------

**(November 9, 2007)**

Before EDMONDSON, Chief Judge, ANDERSON and BARKETT, Circuit
Judges.

PER CURIAM:

Plaintiff-Appellant Richard Starks appeals pro se the district court's sua sponte dismissal of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). No reversible error has been shown; we affirm.

Starks filed a complaint naming fourteen defendants -- among whom were the State of Florida, a number of Florida agencies, three Florida judges, the Florida Attorney General, a city police department, a county jail, a state attorney, a public defender and a law firm -- and raising many claims based on Starks's perception that these entities and individuals conspired against him to ruin his life. Starks moved to proceed in forma pauperis ("IFP"). Before service of process, the district court dismissed the complaint. According to the district court, the complaint was frivolous and failed to state a claim upon which relief may be granted.

On appeal, Starks advances no argument that the district court erred in either of its conclusions about Starks's complaint.[1] Instead, Stark argues that the district court violated procedural rules when it dismissed the complaint before a

---

[1]Because Starks makes no argument that the district court erred in finding that his complaint was frivolous or failed to state a claim or both, we do not review the sufficiency of his complaint. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) (issues not raised in appellate brief are deemed abandoned).

swers were filed. According to Starks, the district court acted with reversible haste because his claims "may have been proven" by the defendants's answers.

In forma pauperis proceedings are governed by 28 U.S.C. § 1915. Section 1915(e)(2) provides, in relevant part:

> ... the court shall dismiss the case at any time if the court determines that --
> ...
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Starks's argument that the district court was obliged to allow for the complaint to be answered before dismissal ignores section 1915(e)(2)'s direction that *at any time* an action is determined to be frivolous or to fail to state a claim it is to be dismissed. No requirement applies that the district court wait until answers have been filed before making a section 1915(e)(2)(B) determination. In the light of Starks's IFP status, the district court committed no procedural error when it sua sponte assessed Starks's pleadings before defendants were served.

See Mitchell v. Farcass, 112 F.3d 1483, 1486 (11th Cir. 1997) (reviewing section 1915(e)(2)(B)(ii) <u>sua</u> <u>sponte</u> dismissal before defendants served with complaint).[2]

Starks's also advances a claim based on Rule 24(a)(4) of the Federal Rules of Appellate Procedure.  Fed.R.App.P. 24(a)(4).  But that rule triggers notice requirements only in situations where an <u>in</u> <u>forma</u> <u>pauperis</u> appeal is not allowed to go forward. Because the district court allowed Starks's IFP appeal, Rule 24(a)(4) is inapposite.

**AFFIRMED.[3]**

---

[2]Also without merit is Starks's argument that dismissal before a defendant answers violates the federal rules of civil procedure and violates local rules.  No conflict has been shown between the dismissal provisions of section 1915(e)(2) and applicable procedural rules.

[3]Starks claims to have requested that his case be transferred to Leon County before imposition of sanctions or dismissal.  As the district court noted, Starks styled his complaint as "United District Court for Leon County," and much of the complaint addresses events that occurred in Leon County.  Proper federal venue for Leon County would be in the Northern District of Florida.  But Starks filed his complaint in the Southern District.  The district court's docket sheet reflects no motion to transfer; and, in any event, the district court did not dismiss based on improper venue.